IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DONALD LEE FENTON,<br><br>Plaintiff,<br><br>vs.<br><br>VOLUNTEERS OF AMERICA,<br>et al.,<br><br>Defendants. | Cause No. CV 10-00096-BLG-RFC-CSO<br><br>RECOMMENDATION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

This matter comes before the Court on Plaintiff Donald Fenton's Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed civil rights Complaint. (Court Doc. 2).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). The court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963).

-1-

The motion to proceed in forma pauperis should be denied for two reasons. First, Fenton indicates in his motion that he has $5,800 in savings. (Court Doc. 1, p. 2, ¶ 5). Given this amount, Fenton should be in a position to pay the filing fee.

While generally a litigant would be given an opportunity to pay the filing fee, the Court deems that unnecessary because the Court lacks subject matter jurisdiction over Fenton's claims. Federal Rule of Civil Procedure 12(h)(3) provides that, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action. Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002), citing Summers v. Interstate Tractor & Equip. Co., 466 F.2d 42, 49-50 (9th Cir. 1972); see also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (holding that the courts, on their own motion, are under a duty to raise the question of lack of federal jurisdiction at any time that such lack appears). The party asserting subject matter jurisdiction has the burden of proving its

existence. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002); see also Fed.R.Civ.P. 8(a)(1) (a pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction).
existence. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002); see also Fed.R.Civ.P. 8(a)(1) (a pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction).

Federal courts, unlike state courts, are courts of limited jurisdiction and can only adjudicate those cases which the United States Constitution or Congress authorize them to adjudicate. Kokkonen, 511 U.S. 375, 377 (1994). Generally, Congress has only authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331 or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332.

Fenton names as Defendants the Volunteers of America Independence Hall of Billings, Montana; Bill, Administrator of Independence Hall; and Cody, a counselor at Independence Hall. He does not allege that these defendants are entities/persons acting "under color of state law." West v. Atkins, 487 U.S. 42 (1988). The Bill of

Rights does not prohibit acts of private persons, <u>Public Utilities Comm'n v. Pollak</u>, 343 U.S. 451, 461-62 (1952), however discriminatory or wrongful. <u>District of Columbia v. Carter</u>, 409 U.S. 418, 422-23 (1973). The "color of state law" requirement is a condition precedent to stating a § 1983 claim, and arises from the specific language of § 1983 and the nature of the Fourteenth Amendment itself. Section § 1983 regulates only state and local government conduct; it does not reach purely private conduct. Volunteers of America is not a governmental organization and therefore its employees (including Bill and Cody) are not government employees. Accordingly, Fenton cannot establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

To the extent Fenton's claims could be construed under Montana law, he failed to allege complete diversity of citizenship or that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. Fenton lists the addresses of defendants and his own address as being in Montana.

Therefore, Fenton cannot establish subject matter jurisdiction and the Motion to Proceed in Forma Pauperis should be denied.

Because Fenton is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam).

No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Cebull.

DATED this 12th day of August, 2010.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the Court issues the following:

**ORDER**

1. Fenton's motion to proceed in forma pauperis (Court Doc. 1) is **DENIED** and this matter is **DISMISSED** for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 16th day of August, 2010.

RICHARD F. CEBULL
United States District Judge